UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DANIEL LEE AMIS,

Plaintiff,

-against-

CITY OF NEW YORK,

Defendant.

26-CV-02573 (VSB) (RFT)

**ORDER**

**ROBYN F. TARNOFSKY, United States Magistrate Judge:**

Defendant's motion to stay discovery pending a decision on its motion to dismiss the amended complaint ("AC") (ECF 14) is before the Court. (*See* ECF 19.)

Rule 26(c) of the Federal Rules of Civil Procedure permits a court to stay discovery "for good cause shown." When determining whether discovery should be stayed pending a decision on a motion to dismiss, courts consider the breadth of the discovery being sought and the burden of responding to the discovery requests, the strength of the motion to dismiss, and the prejudice to the party opposing the stay. *See, e.g., Richardson v. City of New York*, No. 21-CV-5080 (PAE) (KHP), 2022 WL 2003340, at *1 (S.D.N.Y. June 6, 2022); *Sigma Lithium Corp. v. Gardner*, No. 23-CV-7403 (DEH), 2024 WL 2867504, at *1 (S.D.N.Y. June 4, 2024). The party seeking the stay bears the burden of showing good cause for the stay. *See Psychic Readers Network, Inc. v. A&E Television Networks LLC*, No. 24-CV-8155 (DEH), 2025 WL 1380956, at *1 (S.D.N.Y. May 13, 2025). After reviewing the AC (ECF 7), the filings in support of the motion to dismiss (ECF 14), the memorandum opposing the motion to dismiss (ECF 17), the reply in further support of the motion to dismiss (ECF 20),the letter-motion for a stay of discovery (ECF

19), and Plaintiffs' response to the letter-motion to stay discovery (ECF 21), I conclude that Defendant has met its burden of showing that there is good cause for the stay.

The parties have not yet exchanged discovery requests, so it is not clear how broad discovery would be. Defendant notes that "Plaintiff appears to challenge the constitutionality of DOHMH's procedures with respect to the maintenance of vital records, potentially going back several decades, and therefore discovery could be extensive and burdensome for Defendant." (ECF 19, Def.'s Mot. To Stay at 2.) Plaintiff responds that, at least in the first instance, he would seek only limited discovery concerning DOHMH's conduct from April through November 2025. (*See* ECF 21, Pl.'s Stay Opp. at 2-3.) Thus, the scope of the anticipated discovery counsels against a stay. *See Richardson,* 2024 WL 2003340, at *1.

However, the strength of the underlying motion to dismiss counsels in favor of granting a stay because the motion is "not unfounded in the law." *See id.* at *2; *see also Spencer Trask Software & Info*. Servs*., LLC v. RPost Int'l Ltd*., 206 F.R.D. 367, 368 (S.D.N.Y. 2002). I do not, by this observation, predict the outcome of the motion. However, Defendant's memorandum of law in support of the motion provides substantial arguments for dismissal of several, if not all, of the claims set out in the consolidated complaint. Those arguments are supported by case law from courts in this Circuit, and so I cannot conclude that Defendant's motion is unfounded in the law. Plaintiff argues that he has plausibly pleaded claims set out in the AC, and that Defendant's motion to dismiss does not address several of his arguments. (ECF 21, Pls.' Stay Opp. at 32-3.) It may be the case that some or all the claims set out in the AC will survive a motion to dismiss. But "in resolving a motion to stay discovery, the Court's focus is on whether the defendant makes "a strong showing that the [plaintiffs'] claim[s are] unmeritorious and

present[s] substantial arguments for dismissal . . . not whether the arguments will ultimately be successful." *Psychic Readers Network,* 2025 WL 1380956, at *2 (internal quotation marks omitted). Because the motion to dismiss may be dispositive of some or all of Plaintiff's claims, which could narrow or eliminate the need for discovery, this factor weighs in favor of granting a stay. *See Richardson,* 2024 WL 2003340, at *2.

The lack of prejudice also counsels in favor of a stay. Plaintiff suggests there would be prejudice from a stay because (1) the memories of key witnesses will fade with time, (2) DOHMH's records are incomplete and in disarray, and delay could lead to further loss of documents, and (3) Plaintiff has been unable to obtain discovery through the FOIL process, so that Plaintiff has been unable to obtain information outside the discovery process while it is still relatively fresh. (ECF 21, Pl.'s Stay Opp. at 4.) The first and third types of prejudice identified by Plaintiff are essentially the same – that is, prejudice due to fading memories over the passage of time. Such prejudice is present in virtually every case in which a stay is sought, and there is no reason to believe the delay in starting discovery would cause more of that type of prejudice than in any other case where a stay of discovery has been sought. Courts routinely conclude that this type of prejudice does not counsel against granting a stay. *See Psychic Readers Network,* 2025 WL 1380956, at *2. As to the gaps in DOHMH's older records, starting discovery immediately will not help Defendant locate documents that are already lost. As to currently existing documents, Defendant is obligated to preserve existing documents that are relevant to this case, which requires taking more care than in connection with recordkeeping in the regular course. There is no basis to conclude that Defendant will fail to meet its preservation obligation.

For the foregoing reasons, Defendant's motion to stay discovery is GRANTED. The Clerk of Court is respectfully requested to terminate ECF 19. SO ORDERED.

DATED: October 2, 2026
New York, NY

SO ORDERED.

**ROBYN F. TARNOFSKY**
**United States Magistrate Judge**